IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUAVOTIS HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–1439−NJR |
| | ) |
| JOHN BALDWIN, | ) |
| JAQUALIN LASHBROOK, | ) |
| ANGELA CRAIN, | ) |
| HOLLY HAWKINS, | ) |
| CHRIS BRADLEY, | ) |
| GAIL WALLS, | ) |
| R. ROLAND, | ) |
| VASQUEZ, | ) |
| FRANK LAWRENCE, | ) |
| TROST, | ) |
| SADIQUI, | ) |
| HOFFMAN, | ) |
| IDOC, | ) |
| WEXFORD HEALTH SERVICES, and | ) |
| K. BUTLER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Quavotis Harris, an inmate of the Illinois Department of Corrections ("IDOC") currently housed in Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff request damages, a preliminary and permanent injunction, and declarative relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from

1

a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff has been housed at Menard since May 18, 2016. (Doc. 1, p. 9). His right leg has been amputated above his knee, and his left leg has a rod from hip to knee. *Id*. At intake, Trost assured Plaintiff that he would be given appropriate medication, a shower chair, and shower permits. *Id*. Unfortunately, however, Plaintiff was not given his shower specifications or medications for two weeks, which caused him to develop an infection. *Id*. Plaintiff made several complaints about the showers not being handicapped accessible, but no one ever responded to his complaints. *Id*. On June 7, 2017, Plaintiff fell in the showers and injured his head and back due to the lack of non-slip mats, grab bars, and assistive devices. (Doc. 1, p. 10).

Plaintiff complained about not being provided proper medical devices like a cane or a crutch, but Crain refused to provide him with those devices. *Id*. Hoffman refused to let him shower on July 29, 2016, allegedly in retaliation for his complaints. *Id*.

Plaintiff alleges that Wexford hired the employees to whom he complained, failed to properly train those employees, and had policies and customs that "allowed the wrong to occur." *Id*.

**Discussion**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into five counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

**Count 1 –** Trost and Crain were deliberately indifferent to Plaintiff's disability in violation of the Eighth Amendment when they refused to ensure that he had adequate medical devices and/or pain medication;

**Count 2 –** John Baldwin, in his official capacity as Director of the Illinois Department of Corrections, violated the Americans with Disabilities Act and/or the Rehabilitation Act by not providing Plaintiff with accommodations permitting him to shower on the same basis as other inmates;

**Count 3 –** Hoffman retaliated against Plaintiff for filing grievances and/or complaints by refusing to allow him to shower on July 29, 2016, in violation of the First Amendment.

**Count 4 –** Wexford violated Plaintiff's Eighth Amendment rights by improperly training employees;

**Count 5 –** Defendants intentionally inflicted emotional distress upon Plaintiff in violation of Illinois state law.

For the reasons explained below, Counts 1, 2, and 3 survive threshold review, but Counts 4 and 5 will be dismissed.

As to **Count 1**, prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show (1) that he

suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or one which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

"Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Deliberate indifference may also be shown where medical providers persist in a course of treatment known to be ineffective. *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005).

Plaintiff has alleged that he is an amputee and has a rod in his good leg. As a result of these conditions, Plaintiff considers himself disabled. The Court will presume at the pleading stage that Plaintiff's condition constitutes a serious medical need, meaning that Plaintiff has satisfied the first element of a deliberate indifference claim. Plaintiff has further alleged that his condition was disclosed at intake screening, but despite this, Trost did nothing to ensure that Plaintiff received his needed medications, permits, and medical devices for several weeks, causing injury to Plaintiff. Delay in medical treatment can constitute deliberate indifference, and thus Plaintiff's claims shall be permitted to proceed against Trost at this time.

As to Crain, Plaintiff has alleged that he complained to her about not receiving needed medical devices like a crutch or a cane, and that she has ignored his complaints. Although Plaintiff's allegations against Crain are thin, he has articulated enough to survive threshold review against her, and thus **Count 1** also will proceed against Crain.

As to **Count 2**, the Supreme Court has held that the Americans with Disabilities Act ("ADA") applies to prisons. In *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998), the Supreme Court held: "State prisons fall squarely within the statutory definition of 'public entity'. . . . The text of the ADA provides no basis for distinguishing these programs, services, and activities from those provided by public entities that are not prisons." *Id.* at 210. The Court further held in *United States v. Georgia*, 546 U.S. 151 (2006), that an inmate may bring a private cause of action for damages pursuant to Title II of the ADA *if* the state actor's conduct also violates the Eighth Amendment. A plaintiff's inability to establish a constitutional violation forecloses an ADA private cause of action. *See Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010).

The Court notes, however, the relief available to a plaintiff under the Rehabilitation Act is coextensive. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012); *compare* 29 U.S.C. § 794A *with* 42 U.S.C. § 12117 (both incorporating 42 U.S.C. § 2000e–5 for private right of action); *see Barnes v. Gorman,* 536 U.S. 181, 189 & n. 3 (2002). And, with respect to this lawsuit, the analysis governing each statute is the same except that the Rehabilitation Act ("RA") includes as an additional element the receipt of federal funds, which all states accept for their prisons. *See Cutter v. Wilkinson,* 544 U.S. 709, 716 n. 4 (2005); *Gratzl v. Office of Chief Judges,* 601 F.3d 674, 678 (7th Cir. 2010); *Foley v. City of Lafayette, Ind.,* 359 F.3d 925, 928 (7th Cir. 2004); *Ozlowski v. Henderson,* 237 F.3d 837, 842 (7th Cir. 2001). The RA, however, does not require the same sovereign immunity analysis or an underlying constitutional violation to accord relief. *Jaros*, 684 F.3d at 672. (citing *Duran v. Town of Cicero, Ill.,* 653 F.3d 632, 639 (7th Cir. 2011) (plaintiffs may have but one recovery); *Calero–Cerezo v. United States Dep't of Justice,* 355 F.3d 6, 11 n. 1 (1st Cir.

2004) (dismissal of ADA claim had no effect on scope of remedy because Rehabilitation Act claim remained)).

To state a claim under the ADA or RA, a plaintiff must allege that (1) he is a qualified person (2) with a disability and (3) the Department of Corrections denied him access to a program or activity because of his disability. *See* 29 U.S.C. § 705(2)(B); *Wis. Cmty. Servs. v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006); *Foley,* 359 F.3d at 928; *Grzan v. Charter Hosp. of Nw. Ind.,* 104 F.3d 116, 119 (7th Cir. 1997). Refusing to make reasonable accommodations is tantamount to denying access; although the RA does not expressly require accommodation, "the Supreme Court has located a duty to accommodate in the statute generally." *Wis. Cmty. Servs.,* 465 F.3d at 747; *see also Alexander v. Choate,* 469 U.S. 287, 300–01(1985). Plaintiff must plead facts which plausibly support each element of his claim. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Arnett v. Webster,* 658 F.3d 742, 751–52 (7th Cir. 2011).

Plaintiff's status as an amputee is a sufficient allegation that he is a qualified individual with a disability. Plaintiff has alleged broadly that that he was not permitted to shower on the same terms as other inmates; he was deprived of showers altogether for two weeks, and that employees repeatedly refused to provide him with needed accommodations to facilitate showering. On these facts, Plaintiff has adequately alleged that he is an individual with a disability who has been deprived of access to showers on the same terms as other inmates. *Jaros*, 684 F.3d at 672. **Count 2** shall be permitted to proceed in this case.

Plaintiff also has alleged that Hoffman retaliated against him in **Count 3**. To succeed on a First Amendment retaliation claim, a plaintiff must prove (1) that he engaged in conduct protected by the First Amendment; (2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) that the protected conduct was a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff has alleged that he filed grievances related to his access to showers. Filing a truthful grievance constitutes protected activity under the First Amendment. *Harris v. Walls*, 604 F. App'x 518, 521 (7th Cir. 2015). Plaintiff has further alleged that, not long after he filed such grievances, Hoffman singled him out and deprived him of his opportunity to shower. At the pleading stage, Plaintiff has adequately alleged a retaliation claim against Hoffman, and **Count 3** will be permitted to proceed.

But the remaining claims and defendants must be dismissed. Plaintiff has attempted to hold Wexford liable in this litigation, but he has not articulated a valid claim against Wexford in **Count 4**. Plaintiff's first theory of liability against Wexford hinges on its status as the employer of some of the defendants. This is a *respondeat superior* theory of liability and as such, it is not cognizable under Section 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

Plaintiff also makes an allegation that Wexford failed to train its employees or otherwise had a policy, procedure, or custom that "allowed the wrong to occur." But that is the complete sum of Plaintiff's allegations. Plaintiff has not described the policies or omissions in policies at issue. He has not adequately made allegations that make it plausible that Wexford caused the harm of which he complains. In order to proceed on a custom or policy claim, the policy or omission must have been the moving force behind the violation. *Monell v. Dep't Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). This conclusion simply is not plausible from the Complaint as drafted, and **Count 4** will be dismissed without prejudice.

Plaintiff also has alleged that defendants intentionally inflicted emotional distress upon him. (Doc. 1, p. 11). Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous

conduct" that resulted in severe emotional distress. *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). To be actionable, the defendant's conduct "must go beyond all bounds of decency and be considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001) (citing *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E. 2d 745, 749 (Ill. App. 1993)). Whether conduct is extreme and outrageous is judged by an objective standard, based on the facts of the particular case. *Honaker*, 256 F.3d at 490.

It is clear, however, that "the tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *McGrath*, 533 N.E.2d at 809 (quoting Restatement (Second) of Torts § 46, cmt. d (1965)) (internal quotation marks omitted) (internal quotation marks omitted). Instead, the conduct must go beyond all bounds of decency and be considered intolerable in a civilized community. *See Kolegas v. Heftel Broad. Corp.,* 607 N.E.2d 201, 211 (Ill. 1992); *Campbell v. A.C. Equip. Servs. Corp., Inc.*, 610 N.E.2d 745, 749 (Ill. App. Ct. 1993). Thus, to serve as a basis for recovery, the defendant's conduct must be such that the "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim[:] Outrageous!" *Doe v. Calumet City,* 641 N.E.2d 498, 507 (1994) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)) (internal quotation marks omitted).

Plaintiff has not adequately pleaded an intentional infliction of emotional distress claim here. First, he does not allege that any specific defendant acted to inflict emotional distress. His allegation is vague and fails to put any defendant on notice of what conduct Plaintiff considers extreme and outrageous. The Complaint also fails to allege that any particular defendant intentionally acted.

Moreover, although Plaintiff requests "emotional damages," he has not specifically alleged that any person's conduct caused severe emotional distress. Plaintiff alleges that he has post-traumatic stress disorder, but he attributes that condition to his background and not to any conduct by the defendants. In short, Plaintiff has done little more than insert the words "intentional infliction of emotional distress" in his Complaint. In the absence of factual allegations that plausibly suggest Plaintiff has actually been subjected to the tort, **Count 5** must be dismissed without prejudice for failure to state a claim.

Plaintiff has further named multiple defendants in the caption but omitted them from his statement of claim. The Court is unable to ascertain what claims, if any, Plaintiff has against Lashbrook, Hawkins, Bradley, Walls, Roland, Vasquez, Lawrence, Sadiqui, and Butler. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Lashbrook, Hawkins, Bradley, Walls, Roland, Vasquez, Lawrence, Sadiqui, and Butler elsewhere in his Complaint, he has not adequately stated

claims against these individuals, or put them on notice of any claims that he may have against them. For this reason, Defendants Lashbrook, Hawkins, Bradley, Walls, Roland, Vasquez, Lawrence, Sadiqui, and Butler will be dismissed from this action without prejudice.

Plaintiff also has named the IDOC as a defendant. Once again, he has not associated specific claims with that defendant. To the extent that Plaintiff is attempting to bring a Section 1983 claim against the IDOC, those claims must be dismissed with prejudice. Plaintiff cannot maintain his suit against the IDOC, because it is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

To the extent that Plaintiff is attempting to bring his RA/ADA claim against the IDOC, they are already represented by Baldwin in his official capacity.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) will be referred to a United States Magistrate Judge for disposition.

Plaintiff has requested a permanent and preliminary injunction. The Court construes this as a request for a preliminary injunction. Accordingly, the Clerk of Court is **DIRECTED** to docket a motion for a preliminary injunction, which shall be addressed promptly.

**Disposition**

**IT IS HEREBY ORDERED** that Counts 1-3 survive threshold review against Trost, Crain, Baldwin, and Hoffman. Counts 4-5 are **DISMISSED without prejudice** for failure to state a claim. Defendants Lashbrook, Hawkins, Bradley, Walls, Roland, Vasquez, Lawrence, Sadiqui, Wexford,

and Butler, are **DISMISSED without prejudice** for failure to state a claim. IDOC is **DISMISSED with prejudice**. The Clerk of Court shall docket a motion for a preliminary injunction.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Trost, Crain, Baldwin, and Hoffman: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  August 9, 2018**

*/s/ Nancy J. Rosenstengel*
_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**