IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUAVOTIS HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1439-NJR-MAB |
| | ) |
| JOHN BALDWIN, ANGELA CRAIN, JOHN TROST, and JONATHAN HOFFMAN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Mark A. Beatty (Doc. 66), which recommends denial of the Motion for Preliminary Injunction filed by Plaintiff Quavotis Harris ("Harris") (Doc. 7).

Harris, an inmate in the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Harris's right leg has been amputated above his knee, and his left leg has a rod from hip to knee (Doc. 1). Harris alleges that the showers at Menard Correctional Center, where he is currently housed, are not handicap accessible, and no one has responded to his complaints (*Id.*). Harris alleges that, in June 2017, he fell in the showers and injured his head and back due to the lack of non-slip mats, grab bars, and assistive devices (*Id.*). Harris also alleges that the cells are not handicap accessible and that he has not been provided with an assistive device, such as a cane or a crutch (*Id.*). Harris asks the Court to "stop this treatment and bring up to date the ADA

accessibility of the facility" (*Id*. at p. 12).

Harris proceeds on the following three counts:

**Count 1-** Eighth Amendment deliberate indifference claim against John Trost and Angela Crain for refusing to ensure that he had adequate medical devices and/or pain medication;

**Count 2-** Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act claim against John Baldwin, in his official capacity as Director of the IDOC, for not providing Harris with accommodations permitting him to shower on the same basis as other inmates; and

**Count 3-** First Amendment retaliation claim against Jonathan Hoffman for refusing to allow Harris to shower on July 29, 2016, in retaliation for Harris filing grievances and/or complaints.

(Doc. 6).

The Court construed Harris's complaint to contain a request for a preliminary injunction (Doc. 6, p. 10). On January 11, 2019, Defendants filed a joint response in opposition to the motion (Doc. 46). On February 21, 2019, Judge Beatty held a hearing on the motion (Docs. 55 and 63). Harris, Dr. Mohammed Siddiqui, and Anthony Wells (the ADA coordinator at Menard) all testified at the hearing regarding Harris's current accommodations.

Following the hearing, Judge Beatty issued the Report and Recommendation currently before the Court (Doc. 66). Objections to the Report and Recommendation were due on or before March 28, 2019. *See* 28 U.S.C. § 626(b)(1); Fed. R. Civ. P. 72(b)(2); SDIL-LR73.1(b). No objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-

LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Harris's motion and Judge Beatty's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Judge Beatty. Harris has failed to demonstrate that preliminary injunctive relief is warranted and the Court finds insufficient justification for such an "extraordinary and drastic remedy" at this time. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Accordingly, the Court **ADOPTS** Judge Beatty's Report and Recommendation (Doc. 66) in its entirety and **DENIES** the Motion for Preliminary Injunction filed by Plaintiff Quavotis Harris (Doc. 7).

**IT IS SO ORDERED.**

DATED:   March 29, 2019

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**