IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| QUAVOTIS HARRIS, | |
| Plaintiff, | |
| v. | Case No. 18-cv-1439-NJR-MAB |
| JOHN BALDWIN, ANGELA CRAIN, JOHN TROST, and JONATHAN HOFFMAN, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. John Trost (Docs. 49 and 50) and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants John Baldwin, Angela Crain, and Jonathan Hoffman (Docs. 57 and 58). On June 25, 2019, the Court held an evidentiary hearing on the motions pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). For the reasons set forth below, the Court grants both motions.

### BACKGROUND

Harris, an inmate in the Illinois Department of Corrections ("IDOC"), filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Harris's right leg has been amputated above his knee, and his left leg has a rod from hip to knee (Doc. 1). Harris alleges that the showers at Menard Correctional Center, where he is currently housed, are not handicap accessible, and no one has responded to his complaints (*Id.*). Harris alleges that, in June 2017, he fell

in the showers and injured his head and back due to the lack of non-slip mats, grab bars, and assistive devices (*Id*.). Harris also alleges that the cells are not handicap accessible and that he has not been provided with an assistive device, such as a cane or a crutch (*Id*.). Harris asks the Court to "stop this treatment and bring up to date the ADA accessibility of the facility" (*Id*. at p. 12).

Harris proceeds on the following three counts:

**Count 1-**     Eighth Amendment deliberate indifference claim against John Trost and Angela Crain for refusing to ensure that he had adequate medical devices and/or pain medication;

**Count 2-**     Americans with Disabilities Act ("ADA") and/or the Rehabilitation Act claim against John Baldwin, in his official capacity as Director of the IDOC, for not providing Harris with accommodations permitting him to shower on the same basis as other inmates; and

**Count 3-**     First Amendment retaliation claim against Jonathan Hoffman for refusing to allow Harris to shower on July 29, 2016, in retaliation for Harris filing grievances and/or complaints.

(Doc. 6).

On February 11, 2019, Defendant Trost moved for summary judgment on the issue of exhaustion (Docs. 49 and 50). On February 25, 2019, Defendants Baldwin, Crain and Hoffman moved for summary judgment on the issue of exhaustion (Docs. 57 and 58). Harris has responded to both motions (Docs. 64 and 68).

Eight grievances in the record are relevant to this case. On May 2019, Harris filed an emergency grievance complaining that he had not been given his pain medication (Doc. 50-2, p. 32-33). He indicated that he spoke with the doctor on May 19, 2016 about his medication and the doctor stated that he would be receiving it (*Id*.). He also mentioned that he had to wait two weeks to get his shower chair (*Id*.). Harris submitted this

grievance directly to the warden (*Id*.). On June 6, 2016, the warden found the grievance to be an emergency (*Id*.). The grievance was received by a grievance officer and reviewed on June 7, 2016 (Doc. 50-2, p. 31). The grievance officer found the grievance to be moot, indicating that certain medication was approved and given to him on June 3, 2016, thus "offender is receiving medical treatment as determined by medical professionals." (*Id*.). On June 13, 2016, the warden concurred with the finding of the grievance officer that Harris's grievance was moot (*Id*.). Harris signed the grievance form indicating his intent to appeal the warden's decision on June 27, 2016 (*Id*.). However, his grievance was not received by the ARB until July 29, 2016 (Doc. 50-2, p. 30-31).

On June 27, 2016, Harris wrote two emergency grievances asking for "better health care/showers as prescribed" and complaining that he was not receiving his medication (Doc. 64, p. 14-18). These grievances were submitted directly to the warden, and, on June 29, 2016, the warden found that both grievances were not emergencies, and directed Harris to submit the grievances in the normal manner (Doc. 34, p. 14 and 16).

On July 9, 2016, Harris wrote another grievance complaining about the grievance officer who reviewed his May 29, 2016 grievance, arguing that he failed to acknowledge that Harris went a whole two weeks without medication, so his grievance was not moot (Doc. 50-2, p. 34). Harris sent this grievance directly to the ARB, who received it on July 26, 2016 (*Id*.).

On July 29, 2016, Harris wrote another grievance complaining that Defendant Hoffman refused to allow him to shower that day (Doc. 1-1, p. 7-8). This grievance does not contain any signatures from Menard counselors or other staff members, indicating Harris submitted it directly to the ARB, who received it on February 27, 2017 (*Id*.). Along

with the grievance, Harris attached an undated letter asking about the status of this grievance (Doc. 1-1, p. 9). Harris also attached a response to that letter where Correctional Counselor R. Rowold stated that Counsel Vasquez indicated that he did not receive a grievance from Harris (Doc. 1-1, p. 10). This response is dated September 27, 2016 (*Id.*).

On June 7, 2017, Harris wrote another grievance complaining about slipping in the shower on June 5, 2017 because it wasn't handicap accessible and he asked for a handicap accessible environment as well as a cane or a crutch (Doc. 1-1, p 17-18). The counselor responded to this grievance on July 21, 2017 stating it was duplicate to the June 27, 2017 grievance (below) which was responded to and returned to Harris on July 13, 2017 (Doc. 1-1, p. 17).

On June 27, 2017, Harris wrote another grievance complaining about slipping in the shower on June 5, 2017 because it wasn't handicap accessible and he asked for a handicap accessible environment as well as a cane or a crutch (Doc. 1-1, p. 14-15). This grievance makes the same complaints as the June 7, 2017 grievance. The counselor responded to this grievance on July 13, 2017 (*Id.*). The counselor stated that Harris had been given a permit for shower on gallery and a shower chair (*Id.*). The ARB did not receive the appeal of this grievance until April 26, 2018 (*Id.*).

On December 26, 2017, Harris wrote another grievance complaining that he didn't receive a response to the June 7, 2017 grievance (or duplicate) until early November of 2017 (Doc. 1-1, p. 19-20). He submitted this grievance directly to the ARB, who received it on December 28, 2017 (*Id.*).

Legal Standards

A.  **Summary Judgment**

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

**B.**     **Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In *Pavey v. Conley*, the Seventh Circuit instructed district courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within 60 days after the discovery of the incident, occurrence, or problem to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer (the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An offender may also request a grievance be handled as an emergency by forwarding the grievance directly to the CAO. *Id.* § 504.840. If there is a substantial risk of imminent personal injury or harm to the offender, the grievance should be handed on an emergency basis. *Id.* § 504.840(a). Prior to April 1, 2017, if the CAO determined the grievance was *not* an emergency, the IDOC rules only required that the grievance be appealed to the ARB—not resubmitted through the normal channels. *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("There is nothing in the current regulatory text, however, that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis."); *Glick v. Walker*, 385 F. App'x 579, 583 (7th Cir. 2010) ("an inmate who seeks emergency review under § 504.840 has no obligation to resubmit the grievance through normal channels, even if the warden concluded that expedited review was unnecessary").[1]

## DISCUSSION

The Court finds that Defendants have carried their burden of demonstrating that Harris failed to exhaust his administrative remedies in this case. As to the July 9, 2016 grievance and December 26, 2017 grievance, Harris testified at the *Pavey* hearing that he submitted these grievances directly to the ARB, without first submitting them through the institutional grievance process. Thus, Harris failed to exhaust these grievances.

As to the May 29, 2016 emergency grievance, this grievance was properly marked as an emergency and submitted to the warden (Doc. 50-2, p. 32). On June 6, 2016, the

---

[1] This portion of the Illinois Administrative Code was amended effective April 1, 2017. Under the amended version of § 504.840, if the CAO determines the grievance should not be handled on an emergency basis, "the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 ILL. ADMIN. CODE. § 504.840(c).

warden found the grievance to be an emergency (Doc. 50-2, p. 32-33). The grievance was then forwarded to a grievance officer who reviewed it on June 7, 2016 (*Id*.). The grievance officer found the grievance to be moot, indicating that certain medication was approved and given to Harris on June 3, 2016, thus "offender is receiving medical treatment as determined by medical professionals." (*Id*.). On June 13, 2016, the warden concurred with the finding of the grievance officer that Harris's grievance was moot (*Id*.). Harris signed the grievance form indicating his intent to appeal the warden's decision on June 27, 2016, however, the grievance was not received by the ARB until July 29, 2016 (Doc. 50-2, p. 30-31). The ARB denied the appeal since it was received outside of the thirty days (*Id*.). Although Harris testified at the *Pavey* hearing that he placed the grievance in the bars on June 27, 2016, the Court finds this testimony to be inconsistent and lacking credibility. Thus, Harris failed to properly exhaust this grievance.

As to the July 29, 2016 grievance, it appears that this grievance was also submitted directly to the ARB (Doc. 1-1, p. 7-8). Although Harris attached an undated letter inquiring about the status of this grievance, he also attached a response to that letter from Correctional Counselor R. Rowold stating that Harris's former counselor Vasquez indicated that he never received a grievance from Harris (Doc. 1-1, p. 9-10). Based upon Harris's testimony at the *Pavey* hearing, the Court does not find Harris credible in his assertion that he properly submitted this grievance to a counselor and never received a response. Thus, Harris failed to properly exhaust this grievance.

As to the June 27, 2017 grievance, the counselor responded to this grievance and

returned it to Harris on July 13, 2017 (Doc. 1-1, p. 14-15).[2] The counselor stated that Harris had been given a permit for shower on gallery and a shower chair (*Id*.). The ARB did not receive the appeal of this grievance until April 26, 2018 (*Id*.). Although Harris testified that he did not receive a response to this grievance until early November of 2017, he could not explain why he waited until April 2018, five months later, to appeal the grievance. Thus, Harris failed to properly exhaust this grievance.

Harris's remaining grievances were not properly exhausted. As to the June 27, 2016 emergency grievances, although Harris received institutional responses to these grievances, there is no evidence he appealed the denials of those emergency grievances to the ARB. Accordingly, Harris did not exhaust his claims and the case will be dismissed.

Harris has also filed a motion for leave to amend his complaint (Doc. 62). In the motion, Harris seeks to add two John Doe/Jane Doe defendants to Count 1.[3] However, Harris has not exhausted the claims in this case and his proposed amended complaint does not solve this problem. His claims against the two John Doe/Jane Doe defendants alleged in the proposed amended complaint would also face dismissal due to Harris's failure to exhaust administrative remedies. Thus, granting him leave to amend would be futile.

---

[2] The June 7, 2017 grievance was found to be a duplicate of the June 27, 2017 grievance and was returned to Harris on July 13, 2017 (Doc. 1-1, p. 17).

[3] In the proposed document, Harris also re-names defendants that have already been dismissed upon threshold review of the complaint (*See* Doc. 6).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant John Trost (Docs. 49 and 50) and **GRANTS** the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants John Baldwin, Angela Crain, and John Hoffman (Docs. 57 and 58). The Court also **DENIES** the Motion for Leave to file Amended Complaint filed by Harris (Doc. 62). This entire action is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   July 2, 2019

s/ Nancy J. Rosenstengel_____<br>
**NANCY J. ROSENSTENGEL**<br>
**Chief U.S. District Judge**